CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

DEC 14 2017

5:17mj52

JULIA C. DUDLEY, CLERK
BY: /s/ _____
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No. |
| MADHI SALIH MADHI, | ) | 1:17-MJ-597 |
| | ) | |
| | ) | |
| _____ | ) | UNDER SEAL |
| Defendant(s) | | |

FILED
DEC 1* 2017
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **June 27, 2013** in the county of **Fairfax** in the
**Eastern** District of **Virginia**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 1546(a) | Visa Fraud |

This criminal complaint is based on these facts:
See attached affidavit.

☐ Continued on the attached sheet.

_____
Complainant's signature

Robinson N. Blake, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 12/12/2017

/s/ Michael S. Nachmanoff
*Judge's signature*

City and state: Alexandria, VA

Michael S. Nachmanoff, U.S. Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF VIRGINIA
Alexandria Division



UNITED STATES OF AMERICA

v.

MAHDI SALIH MAHDI

Case No. 1:17-mj- 597

**Filed Under Seal**

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT AND ARREST WARRANT

I, Robinson N. Blake, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of a criminal complaint charging **Mahdi Salih Mahdi ("Mahdi")**, date of birth XX-XX-1976, with visa fraud, in violation of 18 U.S.C. § 1546(a).

2. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since March of 2009. I am currently assigned to the Richmond Division of the FBI, Charlottesville Resident Agency. During the course of my duties, I have received training in the United States Constitution, federal criminal law, and conducting criminal investigations. I have also conducted numerous counterterrorism and criminal investigations.

3. The information in this affidavit are based on my own investigation, observations, training and experience, and information obtained from other law enforcement personnel and government employees. This affidavit contains information necessary to support probable cause and is not intended to set forth every fact and matter observed by me or known to the United States Government.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that a violation of 18 U.S.C. § 1546(a) has been committed by **Mahdi Salih Mahdi**.

## PROBABLE CAUSE

5. I have reviewed immigration documents pertaining to **Mahdi's** applications to obtain classification as a refugee and asylum status in the United States. Based on my review of Department of Homeland Security and State Department records, I am aware that in and around March 2010, **Mahdi** first registered with the United Nations High Commissioner for Refugees ("UNHCR") while in Syria, through a UNHCR Resettlement Registration Form ("RRF"). The UNHCR Resettlement Registration Form bears a photograph of **Mahdi** and also contains contact information for **Mahdi**, whose address appears as Dimashq, Saidya Zeinab, Syrian Arab Republic. Additionally, the RRF lists Syrian-based telephone number 963XXXXXX844 as **Mahdi's** mobile number contact.

6. I reviewed UNHCR case notes, which show **Mahdi** failed to complete the UNHCR refugee resettlement process. The UNHCR case notes show that on June 5, 2014; September 4, 2014; and January 15, 2015, **Mahdi** could not be reached by UNHCR. On January 15, 2015, the case notes show that after **Mahdi** was unreachable for the third time in a 6-month period, his refugee resettlement case was closed.

7. According to immigration documents I have reviewed, **Mahdi** applied for a non-immigrant tourist visa to the United States on or about July 17, 2012 and was granted the visa on February 8, 2013. **Mahdi** entered the United States on or about March 10, 2013, through Chicago, Illinois.

2

8. In and around June and July 2013, **Mahdi** submitted or caused the submission of a Form I-589, Application for Asylum and for Withholding of Removal, to the U.S. Citizenship and Immigration Services ("USCIS") located in Fairfax, Virginia, within the Eastern District of Virginia. I am aware that, in order for someone to apply for asylum in the United States, such applicants are required by immigration law to complete a Form I-589 and submit it to USCIS.

9. In Part C, Question 2.B., the Form I-589 states: "If you, your spouse, your children, your parents, or your siblings ever applied for or received any lawful status in any country other than the one from which you are now claiming asylum." In response, **Mahdi** marked or caused the box marked "Yes" to be checked. If the applicant answered "Yes," the Form I-589 further requests the applicant to provide for each person the following: "the name of each country and the length of stay, the person's status while there, the reasons for leaving, whether or not the person is entitled to return for lawful residence purposes, and whether the person applied for refugee status or for asylum while there, and if not, why he or she did not do so." In response, **Mahdi** provided information that his "mother is currently in the United States. She has a B-1/B-2 visa. [His] sister is also in the United States. She has a student visa". However, **Mahdi** failed to inform USCIS that he applied for refugee status while in Syria. Based on my training and experience, I suspect that **Mahdi** omitted disclosing his refugee application he filed in Syria in order to conceal his travels to or possible legal status in that country. Furthermore, based on my training and experience, as well as my conversations with other investigators in the FBI and DHS, I am aware that the omission of this information could have prevented USCIS officials from engaging in an additional inquiry that would have led to a line of questioning about **Mahdi's** refugee processing. This purpose of the inquiry would be to detect any inconsistencies in **Mahdi's** statements to immigration officials. Thus, the defendant's

misrepresentations related to the areas of inquiry outlined above are material because they have a natural tendency to influence, and are capable of persuading the decisions of U.S. immigration authorities in deciding whether to grant, continue or revoke immigration benefits.

10. On page 9 of the Form I-589, **Mahdi** signed beneath the notice instructing that the signer certifies, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it are all true and correct. Furthermore, the notice advises the signer of the penalty of perjury under Section 1746 of Title 28, United States Code, for making any false statement with respect to a material fact in any application required by United States immigration law. A photograph of **Mahdi** is also affixed to page 9 of the Form I-589.

11. On November 18, 2014, **Mahdi** was interviewed by USCIS regarding his application for asylum in the United States. The interview was conducted at the USCIS Arlington Asylum Office located on Wilson Boulevard in Arlington, Virginia, within the Eastern District of Virginia.

12. The asylum interview was conducted by a USCIS Immigration Officer in the Arabic language and utilized an Arabic interpreter.

13. At this time, **Mahdi** again affirmed through his signature that the contents of the Form I-589, including the attached documents and supplements, were all true to the best of his knowledge. **Mahdi** also confirmed any corrections made by him or at his request.

4

14. During the interview, the USCIS Immigration Officer asked **Mahdi** about any foreign travel he may have conducted prior to coming to the United States. A verbatim transcript of the relevant questions ("Q") and **Mahdi's** answers ("A") are as follows:

   a. Question: Did you ever travel to any other countries before you came to the US?
   Answer: No

   b. Q: So you have never left Iraq?
   A: No, the only thing is coming to America. Just was working and playing soccer.

   c. Q: At any time, were you able to reside, work, go to school, or receive any benefits in another country?
   A: No I was just living and working in Iraq.

   d. Q: Have you ever visited Afghanistan, Pakistan, Somalia, Colombia, or Syria?
   A: No.

   e. Q: Have you ever given false information to the U.S. Government?
   A: No.

   f. Q: Government records indicate that you have in fact traveled to Syria and that you applied for refugee status there in 2011. Is that correct?
   A: Never. I applied for it and then came back.

   g. Q: I asked if you had ever left Iraq and you said no.
   A: I went there with my mother she had eye surgery and I applied for refugee and I came back.

   h. Q: I specifically asked you if you had been to Syria and you said no.
   A: Before what happened I went there and after that no.

5

i.  Q: So why did you say no when I asked you if you had ever been to Syria?

A: I took my mother there and I applied for refugee and they were helping people with food. Financially I was there.

j.  Q: That is not my question- why did you say you had never been to Syria when I asked you.

A: Because I went for my mother.

k.  Q: I asked you if you had ever been to Syria and you said no. I didn't ask if you had gone there for your mother.

A: I thought it was like I didn't go by myself for Syria I went with my mother. And she still had vision problems.

l.  Q: Why didn't you tell me you had lived in Syria?

A: The way I understood was as if you asked if I had been in Syria by myself but I went for my mother.

15. The interview was also recorded in the form of a sworn statement, which **Mahdi** signed at the conclusion of the interview. **Mahdi** also initialed each individual page of the sworn statement.

## CONCLUSION

16. Based on the foregoing information, your affiant submits that there is probable cause to believe that in and around June and July 2013, and on or about November 18, 2014, in Fairfax County, within the Eastern District of Virginia, the defendant **Mahdi Salih Mahdi** knowingly made under oath, and as permitted under penalty of perjury, knowingly subscribed as true, statements which were false with respect to material facts in an application, affidavit, and other documents required by the immigration laws and regulations prescribed thereunder, and

6

knowingly presented such application, affidavit, and other documents that contained such false statements and that failed to contain any reasonable basis in law and fact, in violation of Title 18, United States Code, Section 1546(a).

Respectfully submitted,

Robinson N. Blake
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me this 15 day of December, 2017.
_____/s/_____
Michael S. Nachmanoff
United States Magistrate Judge
The Honorable Michael S. Nachmanoff
UNITED STATES MAGISTRATE JUDGE

7

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division



UNITED STATES OF AMERICA,   )
                                                    )  Case No: 1:17mj597
          v.                        )
                                                    )  **UNDER SEAL**
MAHDI SALIH MAHDI          )
                                                    )
                                                    )
          Defendant.          )

## GOVERNMENT'S MOTION TO SEAL COMPLAINT
## PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint, until the defendant is arrested.

I.    **REASONS FOR SEALING** (Local Rule 49(B)(1))

    1.    The Federal Bureau of Investigations is investigating prosecution of the defendant for immigration fraud.

    2.    Premature disclosure of the charges against the defendant would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendant and may lead to the destruction of evidence. Disclosure of the complaint and affidavit in support of the complaint would provide the defendant and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

1

## II. REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3. The Court has the inherent power to seal complaints and affidavits in support of complaints. See United States v. Wuagneux, 683 F.2d 1343, 1351 (11th Cir. 1982); State of Arizona v. Maypenny, 672 F.2d 761, 765 (9th Cir. 1982); Times Mirror Company v. United States, 873 F.2d 1210 (9th Cir. 1989); see also Shea v. Gabriel, 520 F.2d 879 (1st Cir. 1975); United States v. Hubbard, 650 F.2d 293 (D.C. Cir. 1980); In re Braughton, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." In re Knight Pub. Co., 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. See e.g. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988); Matter of Eye Care Physicians of America, 100 F.3d 514, 518 (7th Cir. 1996); Matter of Flower Aviation of Kansas, Inc., 789 F.Supp. 366 (D. Kan. 1992).

## III. PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until the defendant is arrested.

5. Upon occurrence of the event specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

2

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until the defendant is arrested.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____
Raizza K. Ty
Special Assistant United States Attorney (LT)

3

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA



Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No: 1:17mj597 |
| v. | ) |
| | ) **UNDER SEAL** |
| MAHDI SALIH MAHDI | ) |
| | ) |
| | ) |
| Defendant. | ) |

ORDER TO SEAL

The UNITED STATES, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, having moved to seal the complaint and affidavit in support of the complaint, the Motion to Seal, and proposed Order in this matter; and

The COURT, having found that revealing the material sought to be sealed would jeopardize an ongoing criminal investigation; having considered the available alternatives that are less drastic than sealing, and finding none would suffice to protect the government's legitimate interest in concluding the investigation; and finding that this legitimate government interest outweighs at this time any interest in the disclosure of the material; it is hereby

ORDERED, ADJUDGED, and DECREED that, the complaint and affidavit in support of the complaint, Motion to Seal, and this Order be Sealed until the defendant is arrested.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

Honorable Michael S. Nachmanoff
United States Magistrate Judge

Date: 12/12/17
Alexandria, Virginia

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Virginia

| | |
|---|---|
| United States of America<br>v.<br>MAHDI SALIH MAHDI<br><br>*Defendant* | ) Case No. 1:17-MJ-597<br>)<br>)<br>)<br>)<br>) |

**UNDER SEAL**

## ARREST WARRANT

To: Any authorized law enforcement officer

**YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)* Mahdi Salih Mahdi
who is accused of an offense or violation based on the following document filed with the court:

☐ Indictment ☐ Superseding Indictment ☐ Information ☐ Superseding Information ☑ Complaint
☐ Probation Violation Petition ☐ Supervised Release Violation Petition ☐ Violation Notice ☐ Order of the Court

This offense is briefly described as follows:

18 U.S.C. § 1546(a), Visa Fraud

COPY

Date: 12/12/2017

/s/
Michael S. Nachmanoff
United States Magistrate Judge
*Issuing officer's signature*

City and state: Alexandria, VA

Michael S. Nachmanoff, U.S. Magistrate Judge
*Printed name and title*

INFORMATION COPY ONLY

### Return

| | |
|---|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____<br>at *(city and state)* _____<br><br>Date: _____ | NOTICE: BEFORE ARREST, VALIDATE THROUGH NCIC. ORIGINAL HELD BY U.S. MARSHAL.<br><br>*Printed name and title* |